# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**BRYANT KEITH DAY**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:05-CR-176

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  ☒ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 25 years old. He began using marijuana at the age of 18 and, while he abstained from using the drug for two years, he acknowledges being on the drug on a daily basis for the last year. Defendant has also had a steady criminal record over the same period of time. Most significantly, he was on probation from May 2003 to July 2005. During that time it appears he:
(continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community in light of the unrebutted presumptions that arise in this case. Alternatively, the court also finds by clear and convincing evidence based on the testimony at the detention hearing that no condition or combination of conditions will assure the safety of the community in light of defendant's extensive record of criminal behavior, particularly as it relates to drug dealing, while already under court supervision to another court.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 2, 2005

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Bryant Keith Day
1:05-CR-176
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B) -** (continued)

- Failed to appear for an arraignment on March 8, 2004, which resulted in the issuance of a bench warrant
- Failed to participate in counseling in April 2004 (defendant also failed to maintain employment and to pay fines and costs on a domestic assault conviction)
- Failed to appear for an arraignment on April 12, 2004, which resulted in the issuance of a bench warrant
- Tested positive for marijuana in April 2004
- Allegedly possessed heroin with the intent to distribute it on April 8, 2004
- Being a felon, allegedly possessed two .9mm pistols on June 8, 2004
- Allegedly possessed a firearm with an obliterated serial number on June 8, 2004
- Tested positive for marijuana, cocaine, and opiates in April 2005
- Failed to participate in counseling in April 2005
- Was convicted of disturbing the peace in April 2005
- Failed to appear for a probation violation hearing on May 25, 2005
- Allegedly possessed crack cocaine with the intent to distribute it on May 30, 2005
- As a felon, allegedly possessed a firearm on May 30, 2005
- Allegedly used a firearm during and in relation to and in furtherance of a drug trafficking crime on May 30, 2005
- Used marijuana in July 2005

The prosecution also introduced evidence at the detention hearing that the defendant may have been involved in a "shots fired" incident on June 8, 2004, and may have threatened both a civilian and a police officer in May 2005.