UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRYANT KEITH DAY,

    Defendant.
_____/

File No. 1:05-CR-176

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Defendant Bryant Keith Day was indicted in an 8-count superseding indictment of 1) possession of marijuana with intent to distribute, 2) possession of cocaine base, 3) felon in possession of a firearm, 4) possession of a firearm with an obliterated serial number, 5) use of a firearm during and in relation to a drug trafficking offense, 6) possession of cocaine with intent to distribute, 7) felon in possession of a firearm, and 8) use of a firearm during and in relation to a drug trafficking offense. Counts 1 through 5 charge conduct that allegedly occurred on or about June 8, 2004. Counts 6-8 charge conduct that allegedly occurred on or about May 30, 2005. This matter is before the Court on Defendant's motion to sever the 2004 counts from the 2005 counts.

Joinder of offenses is governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure. Rule 8(a) permits joinder of two or more offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are

connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). Even if joinder is appropriate under Rule 8(a), Rule 14 authorizes a district court, in its discretion, to grant the defendant a severance if it appears that the defendant is prejudiced by a joinder of the offenses. FED. R. CRIM. P. 14(a). "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005) (citing *United States v. Sherlin*, 67 F.3d 1208, 1215 (6th Cir. 1995)). "The movant must prove that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Hang Le-Thy Tran*, No. 04-1801, — F.3d —, 2006 WL 20545, *4 (6th Cir. Jan. 5, 2006) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Defendant has not met this burden.

Defendant points out that although the 2004 and 2005 counts both involved drugs and guns, they involved different types of firearms and different types of drugs. He does not, however, argue that the charges were improperly joined. Instead, he argues that failure to sever the charges would result in significant prejudice to his constitutional right to testify in his own defense. In support of this assertion he contends that he "may decide to testify as to the June 2004 incident and not testify as to the May 2005 incident," or he "may decide to testify as to the May 2005 incident and not testify as to the June 2004 incident." (Def. Br. at 2). He notes that if he were to choose to testify as to one of these incidents and not the other, it might appear to the jury that he was admitting or otherwise indicating guilt on the

2

other incident, and his testimony on one incident would open him up to cross-examination by the government on the other incident. (Def. Br. at 3).

When a defendant seeks a severance based on his desire to testify about fewer than all the charges, he must make "a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other." *United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004), *vacated on other grounds*, 125 S. Ct. 1420 (2005), (quoting *United States v. Martin*, 18 F.3d 1515, 1518-19 (10th Cir. 1994)). Non-specific assertions of prejudice are insufficient to warrant severance under Rule 14. *Id.* Thus, in *Bowker* the court found no plain error in the district court's failure to grant a severance where the defendant provided no indication as to what his testimony would be on the stalking and harassment counts, and made no showing as to why he needed to avoid testifying on the mail theft count. *Id.*

In *Saadey* the defendant claimed prejudice because he was unable to testify in his own defense on the false credit application charges without damaging his credibility and waiving his Fifth Amendment right against self-incrimination on the RICO counts. 393 F.3d at 679. The Sixth Circuit rejected his claim because he did not explain how testifying about the credit charges would violate his right against self-incrimination on the RICO charges in light of his assertion that the credit charges had nothing to do with the RICO charges. *Id.*

In this case Defendant has provided no explanation as to either the "important testimony" he has to give concerning some counts or the "strong need" he has to refrain from

3

testifying about others. Defendant has not even identified the counts as to which he would offer testimony. He has merely stated that he "may" want to testify to the June 2004 incident but not the 2005 incident or he "may" want to testify as to the 2005 incident but not the 2004 incident. Defendant's speculative and conclusory assertions of prejudice are not sufficient to require severance.

"[A]bsent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." *Tran*, 2006 WL 20545, \*4 (quoting *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985)). "[A] jury is presumed capable of sorting out evidence and considering each count and each defendant separately." *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987) (citing *United States v. Frazier*, 584 F.2d 790, 795 (6th Cir. 1978)). Furthermore, prejudice can be minimized by cautionary instructions. This Court will caution the jury that the number of charges is no evidence of guilt, that it is their duty to separately consider the evidence that relates to each charge, and that their decision on one charge should not influence their decision on any of the other charges. *See* Sixth Circuit Pattern Jury Instructions 2.01A.

For the reasons stated, Defendant's motion for severance will be denied. An order consistent with this opinion will be entered.

Date:   January 17, 2006           /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE