UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                       File No.  1:05-CR-176

v.

                                       HON. ROBERT HOLMES BELL

BRYANT KEITH DAY,

       Defendant.
                                    /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Bryant Keith Day's written motion for an ends of justice continuance.

A trial is generally required to be held within 70 days after a defendant is indicted or appears before the court, whichever is later.  18 U.S.C. § 3161(c)(1).  Certain periods of delay are excludable from the 70-day calculation, including a delay resulting from a continuance based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(1)(8)(A).

In analyzing a request for an ends of justice continuance the Court considers the history of the case.  The grand jury returned a six-count indictment against Defendant on July 21, 2005.  Defendant was arrested on July 29, 2005, and has been in custody since that date.  Trial was originally scheduled for October 3, 2005.  Defendant's court-appointed

counsel moved for an ends of justice continuance on September 15, 2005. (Docket # 14). The motion was granted and trial was adjourned until November 14, 2005. (Docket # 15). On September 22, 2005, the grand jury returned a superseding indictment adding two additional counts. (Docket # 18). On October 24, 2005, pursuant to a stipulation, the Court permitted Defendant's request that Kevin Floyd be substituted in as retained counsel. (Docket # 23). At the pretrial conference on November 4, 2005, defense counsel made an oral motion to continue the trial date. The motion was granted, and trial was adjourned until December 12, 2005.[1] (Docket # 28). At a status conference on December 8, 2005, defense counsel again orally moved for continuance of the trial date. The motion was granted and the trial date was adjourned until January 23, 2006. (Docket # 36).

On January 3, 2006, Defendant filed a motion to sever and a motion to suppress. (Docket #'s 37 & 39). Defendant's motion to sever was denied by opinion dated January 17, 2006. (Docket # 45). His motion to suppress was granted in part and denied in part on the record on January 17, 2006, at the close of the evidentiary hearing. (Docket # 48). Following the Court's ruling, Defendant made yet another oral motion for continuance of the trial date. The motion was denied on the record on January 17, 2006. Defendant filed the current written motion later that evening.

---

[1] In light of this ruling on Defendant's motion, the government's request for a one-week continuance of the trial date was rendered moot.

Defendant contends that he needs an adjournment in order to obtain expert witnesses for trial in the areas of fingerprint analysis, ballistics, and chemical analysis. He contends that his need for expert witnesses was contingent on the results of his motions to sever and to suppress and that he was reluctant to incur the expense of an expert if it was not necessary to his case. He also asserts that his expert witnesses will be out of the country for two weeks beginning on the Saturday before the Monday, January 23, 2006, trial date.

While the Court is mindful of Defendant's desire to avoid unnecessary expenses associated with expert witnesses, this is one of the costs associated with his choice of securing retained counsel. Moreover, the possible need for an expert witness, at least in the area of fingerprint analysis, was well-known at least as of the time Defendant's court-appointed counsel filed the first motion for continuance in September. Defendant has known about the January 23, 2006, trial date since December 8, 2005. Nevertheless, when he filed his pretrial motions on January 3, 2006, he did not alert the Court to any need for additional time following resolution of the motions in order to secure expert witnesses. Neither did he alert the Court to the fact that his expert witnesses would not be available for the scheduled trial date. Defendant has not disclosed the names of his experts to this Court, the matters on which they will be testifying, or the efforts, if any, he has made to obtain alternate experts who would be available for trial. It also appears from the government's response to this motion that Defendant has not responded to the government's request for reciprocal discovery and has not disclosed the identities, qualifications, or substance of the testimony of his

3

experts to the government. *See* FED. R. CRIM. P. 16(b). In light of Defendant's multiple requests for continuance, and his failure to even suggest that he has exercised diligence in obtaining expert witnesses for trial, the Court is not convinced that yet another continuance would outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, for the reasons stated on the record on January 17, 2006, and for the additional reasons stated in this opinion,

**IT IS HEREBY ORDERED** that Defendant Bryant Keith Day's motion for an ends of justice continuance (Docket # 46) is **DENIED**.

Date:   January 18, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE