UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No. 1:05-CR-176

v.                                                  HON. ROBERT HOLMES BELL

BRYANT KEITH DAY,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

Defendant Bryant Keith Day has filed a motion for modification or reduction of sentence (ECF No. 93) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

The Probation Department has filed a Sentence Modification Report, ECF No. 101. Because the amended guideline range does not change and the statutory mandatory minimum controls the sentence, the Probation Office is recommending that Defendant is ineligible for a reduction in sentence under Guideline Amendment 782.

The Defendant has filed a response to the Sentence Modification Report, ECF No. 105, concurring with the Probation Department's Assessment. The Defendant wishes to preserve the issue for future consideration should the law change.

The government filed a response to the Sentence Modification Report, ECF No. 106, also concurring with the probation department's assessment, indicating Defendant Day's guideline sentencing range for Counts 1, 2, 3, 4, 6, and 7, was controlled by USSG § 2K2.1 and has not been lowered by Amendment 782.  Amendment 782 does not apply to Count 5, 120 months in prison, or Count 8, 300 months in prison, as those sentences for firearm offenses were statutory mandatory minimum sentences which were required to be served consecutively to any other sentences.

Therefore, IT IS HEREBY ORDERED that Defendant's motion for modification of sentence (ECF No. 93) pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.


Dated: March 29, 2016                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE